UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chad Peterson,<br><br>Plaintiff,<br><br>v.<br><br>Atlantic Recovery Solutions, LLC,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This lawsuit arises from the collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is

1

subject to personal jurisdiction in Minnesota, as the actions giving rise to the lawsuit occurred in Minnesota.

## PARTIES

7. Plaintiff Chad Peterson (hereinafter referred to as "Plaintiff") is a natural person allegedly obligated to pay a debt, who resides in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Atlantic Recovery Solutions, LLC (hereinafter referred to as "Defendant") is an unlicensed and unregistered foreign collection agency operating from an address of 275 Northpointe Parkway, Suite 80, Amherst, NY 14228, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Prior to October of 2017 Plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. § 1692a(5), with Genesis Financial.

10. Plaintiff's alleged consumer debt was transferred to Defendant for collection sometime prior to October 2018.

11. In October of 2018, Defendant mailed debt collection notices to the Plaintiff demanding payment and communicated with Plaintiff by leaving multiple messages on Plaintiff's answering machine.

12. The messages left on Plaintiff's answering machine by Defendant failed to state the identity of the caller and failed to state the calls were from a debt collector, in violation of 15 U.S.C. §§ 1692d, 1692d(6) and 1692e(11).

13. In October of 2018, Plaintiff received numerous messages in which Defendant failed to identify itself, in violation of 15 U.S.C. §§ 1692d, 1692d(6) and 1692e, and 1692e(11).

14. Specifically, on October 23, 2018 Defendant's agent "John" left a scripted voice mail message, recorded by Plaintiff's answering machine, which stated:

    - "This message is for Chad. Chad Peterson, this is John following up with you. I need you or your legal representative to follow back up with me at (716) 362-7095, in reference to 1416526. Thank you very much."

15. On information and belief, Plaintiff received a number of similar messages.

16. It is the policy and practice of Defendant to leave voicemail messages that do not identify the company calling or state the purpose of the call.

17. Defendant's failure to disclose that it was a debt collector, was an unfair and deceptive attempt to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this collection call.

18. On October 25, 2018, Plaintiff returned Defendant's voicemail and spoke with Defendant's agent "John." Only at that time did Plaintiff learn that the October 23, 2018 voicemail was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. On November 1, 2018, Defendant sent Plaintiff a letter. On information and belief, the letter was the first letter sent to Plaintiff by Defendant.

20. It is the policy and practice of Defendant to place a series of telephone calls and then send an initial letter well after 5 days from the first telephone call.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 *et. seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant's messages violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11).

24. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e. *Foti v. NCO Financial Systems,* 424 F. Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J.J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, L.P.,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006). *See* Baker, 554 F.Supp.2d at 949–50; Ostrander v. Accelerated Receivables, No. 07–CV–827C, 2009 WL 909646, at *6 (W.D.N.Y.

4

Mar.31, 2009) (holding that "[a] telephone message that merely states the name of a person to contact and a telephone number at which to reach that person does not provide meaningful disclosure" and states a claim under both § 1692d(6) and § 1692e(11)).

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et. seq.*

26. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 *et. seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant's messages violated 15 U.S.C. § 1692g because the initial letter sent by Defendant was not sent within 5 days after the first communication to Plaintiff.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

29. That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA;

30. That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

31. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

32. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 7, 2019.

By: s/Mark L. Vavreck
Mark L. Vavreck, Esq.
GONKO & VAVRECK, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220

ATTORNEYS FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

I, Chad Peterson, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ Chad Peterson
Chad Peterson

Subscribed and sworn to before me
this 7th day of January 2019.

s/ Mark W. Letourneau
Notary Public

MARK W LETOURNEAU
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2021

7